*63 Statement of the Oase.
MONROE, J.
This case, which is before the court for the review of a judgment rendered by the Court of Appeal for the Fifth ■Circuit, may be stated as follows:
The administrators of the succession of Madame Delaneuville, joined by a majority of the heirs of the deceased, brought suit in the district court of the parish of St. John the Baptist against the heirs of Win. DuhS, a deceased grandson of Madame Delaneuville, for the revendication of certain real estate which their ancestor had sold to DuhS in 1892 for $1,100, represented by a promissory note, secured by mortgage, etc., which it is admitted is wholly due and unpaid, and ‘Of which the plaintiffs make tender to the defendants. Quoting from the opinion of the ■Court of Appeal:
“All the grounds of the plaintiffs’ petition at first set up for the dissolution of the sale, except that of nonpayment of the purchase price, .and also the reconventional demand of the defendants, with the exceptions thereto, were formally abandoned in this court, and the case, as ■submitted to us, now stands for determination solely upon the question and the issue of nonpayment of the purchase price. The dissolution of the sale is asked for on this ground alone. The defendants meet the action at bar with the •contention that the administrators and a part ■of the heirs suing have no standing in law to revendicate the property in question, for the following reasons.”
The court then states the reasons relied on by the defendants, which may be briefly restated as follows: (1) That the widow Delaneuville recognized the sale which is now attacked; (2) that the heirs of William Duhé have been sent into possession of the property; (3) that the plaintiffs have not tendered the interest, taxes, and benefits received; (4) that “the suit to rescind is not brought by all the heirs of Widow Delaneuville, and un■der these conditions restitution in integrum cannot take place, for the reason that a part •of the mortgage cannot be tendered, because, the mortgage being indivisible, the heirs suing cannot tender the share of their coheirs held in indivisión. Like the mortgage, the action to rescind the same is indivisible”; (5) “that administrators have no standing in couit to rescind a sale for nonpayment of the purchase price, this right being personal to the heirs, and does not pass to the creditors.” Proceeding with their opinion, our learned Brethren of the Court of Appeal say:
“The administrator represents the creditors. He must collect the debts of the succession, pay what it legally owes, and turn over the residue to the heirs. In pursuit of his duty as administrator, he may bring the action of revendication against third parties who hold property of the succession otherwise than by regular title from the decedent, but he cannot question the deliberate and fully recognized contracts of the decedent whom he represents. In the suit at bar the proof shows that the widow Delaneuville has never questioned the contract of sale attacked in the present proceeding. Per contra, she has recognized the same by suing for the interest on the note representing the purchase price of said sale. Under the testimony, the amount called for in the note is about the value of the property in question, and the plain duty of the administrators is to sue on the note, foreclose the mortgage, and have the property sold to satisfy same, dealing with the proceeds in the due course of administration and as the law directs. The plaintiffs’ action to rescind cannot be maintained. We reserve to them the action on the mortgage note representing the price of the sale.”
The record sent up contains a copy of a petition filed by Widow Delaneuville in the district court for the parish of- St. John the Baptist in October, 1900, in which the petitioner alleges the sale of the property, the nonpayment of the price, the death of the vendee, Duhé, and the fact that he had left as his heirs a sister of the full bloód and a brother and sister of the half blood (herein made defendants), and further alleges “that petitioner desires to institute a suit for the rescission of said sale; * * * that previous to the institution of said suit petitioner desires to make due demand on said heirs for the payment of the interest portion of the price,” and, one of the heirs being a minor, that a curator ad hoc be appointed to represent him; and the petition concludes with a prayer that a curator ad hoc be appointed, *65 which was done. The petitioner died very shortly afterwards, and in February, 1901, Emile Delaneuville, presented a petition to the district court, alleging that he is a grandson, that the succession owes debts, and that an administration is necessary, and praying to be appointed administrator. To this application oppositions were filed upon the ground, among others, that the succession owed no debts. In adjudicating upon the controversy thus presented the judge of the district court said:
“It is necessary that this succession should be represented by an administrator. There are claims to be collected, as shown by the inventory ; litigious rights to be settled between the heirs, some of whom are minors; there are debts against the succession; and both the heirs of age and the creditors now demand an administration, which the court cannot refuse, owing to the conditions existing, and in order to preserve the rights of all parties concerned.”
There was also an opposition to the homologation of the inventory, concerning which the learned judge said:
“The clerk has inventoried the only property which he found belonging to this succession [being the unpaid note given by Buhé for the purchase price of the property here in question, and credits and movables to the value of $162.90], and his proees verbal must be approved, reserving to all the parties in interest the right to attack the sale complained of.”
And for the reasons given the application of Emile Delaneuville was rejected, and Mrs. Eugenie Delaneuville, wife of Dr. Charles Mermilliod, and her husband, were appointed administrators, and the inventory which had been taken was homologated, with the reservation stated. Thereafter, and when the present suit was filed, the presiding judge of the district court recused himself by reason of the fact that he had, as a member of the bar, given some advice to one or more of the parties in interest, and a judge ad hoc was appointed, by whom a judgment was rendered in favor of the defendants, which, as we have seen, was affirmed by the Court of Appeal. It may be here remarked that all of the heirs of the vendor are parties to this suit, ‘either as plaintiffs or defendants, and that in all probability the succession is insolvent.
Opinion.
Counsel for defendants begin their brief as follows:
“Into this court come Cecile DukS et ais., and except to petitioner’s demand for a writ of review herein, and say that petitioners, in December, 1903, appealed to this honorable court from the judgment of the district court in this cause, subsequently affirmed by the Court of Appeal, as shown by the record. Under the circumstances the case should be reviewed on appeal by this honorable court, and not under writs of certiorari and review.”
The answer to this would seem to be that it is the judgment of the Court of Appeal that has been brought up for review, and, if that judgment was rendered in a case which was then pending in this court, that circumstance would of itself be a sufficient ground for the exercise of the jurisdiction here invoked. We’ imagine, however, that it was found that the amount involved was insufficient to sustain an appeal to this court, and hence the appeal was taken to the Court of Appeal, where, without objection, the case was argued, submitted, and finally decided. Under these circumstances the proposition that it should now be considered in this court as on appeal from the district court is untenable.